STERRY (HARRISON v.). See Case No. 6,-144.

## Case No. 13,380.

### STETLER'S CASE.

[9 Leg. Int. 38; 1 Phila. 302; 1 Whart. Am. Cr. Law, 407.]

Circuit Court, E. D. Pennsylvania. Feb. 27, 1852.

CRIMINAL LAW—PARDON.

1. [The president of the United States has authority to pardon an offense, so long as any of its legal consequences remain, though the term of imprisonment to which the offender was sentenced has expired.]

2. [A pardon, which recites in a preamble the conviction of the offender of an offense against the United States, and thereupon grants to him "a full and unconditional pardon," without again specifying the offense, is not a general pardon, and is valid.]

3. [A pardon, granted to one S., recited his conviction, at the "June term, 1850," of the offense, "counterfeiting the coin of the United States," and his sentence to "imprisonment for the term of one year." It appeared that S. was convicted, at the May term, 1850, upon one indictment charging both counterfeiting and uttering counterfeit coin, and was sentenced to both fine and imprisonment. Held, that such pardon, if not void because of failing to show that the executive was fully apprised of the crime of the party and the action of the court upon it, could have no application to the felony of uttering counterfeit coin, of which G. had been convicted.]

William Stetler was tried at the last sessions of the district court of the United States for counterfeiting the coin of the United States. On the trial one Lewis George was offered as a witness for the United States. He was objected to by the prisoner's counsel on the ground that he was convicted for the same offense in 1850, and sentenced. A pardon was then produced for the witness. To this pardon Mr. Tyler excepted, because it pardoned George after he had served out the term of imprisonment to which he was sentenced; and by Mr. Vaux, because his pardon did not recite the offence of which he was convicted, and it did not pardon any offence, but simply granted to the said George "a full and unconditional pardon." The court (Judge Kane) admitted the witness. Stetler was convicted. On a rule to show cause why a new trial should not be granted on the reason filed sec. reg.

On the argument, the following points were taken by the counsel for the prisoner:

Lewis George was improperly admitted as a witness, because: (1) The pardon of the president was void, having been granted to one who had served out his time of imprisonment, and the president has no authority, under the constitution, to pardon disabilities of a felony. (2) The pardon was void because it did not recite if the pardoned person had been indicted and convicted; and hence no "offence against the United States" was recited in the pardon. (3) That the president could not grant a pardon to an individual, in whatever form of words, without reciting the specific offence, and pardoning the offence, as the constitution gives power only "to pardon offences against the United States." (4) That the pardon was void for misdescription of the offence, the time of holding the court, and in failing to describe the offence pardoned (as said George was found guilty on one bill charging in two counts separate and distinct offences).

Mr. Tyler argued the first point as a question of law governed by the constitution of the United States, and the English statutes, and the prerogative of the king and power of parliament. Russ. Crimes.

Mr. Vaux, in support of the second, third, and fourth points, considered the pardon void and of no effect, because by the constitution of the United States a positive and limited power was vested in the president to "pardon offences against the United States," and the grant of the president must show that it was within the power vested in him and the constitution; that a full and unconditional pardon was not a pardon of "an offence against the United States" unless it recited the crime as one contrary to the laws of the United States, and, having thus brought it within the pardoning power granted in the constitution, pardon such specific and defined offence; that misdescription, mistake, misrepresentation are fatal defects in a pardon; and, that as the pardon in this case shows patent defects, and as two offences exist in the bill of indictment, and the pardon does not recite them, a pardon that does not relate back to the offence, and cover it, is void. 3 Bac. Abr. tit. "Evidence," note f, p. 583; 5 Bac. Abr. tit. "Pardon," p. 258, note D, p. *291; 2 Trials per paix, 377, &c.; Hawk. P. C.; Hargrave (Index); Macn. Er. *207; McKal. Justice, 235, 243; 2 Russ. Crimes, 592; 9 Cow. 707; 17 Mass. 515; 8 Watts & S. 197; 12 Pick.; [U. S. v. Wilson] 7 Pet. [32 U. S.] 153; 1 Phil. & A. (N. S.) Ev. *19; 1 Ashe, 84; 2 Pa. Law J. 37; Duncan, J., Whart. Dig. 393; 4 City H. Rec. 119; 5 City H. Rec. 194; 3 Johns. Cas.; Gordon, Dig. § 5; Acts 638–640; 4 Law Rep. (N. S.) 437, Dec. No. 51.

KANE, District Judge. When this indictment was on trial at the last session of the court, one George Lewis was offered as a witness for the prosecution, and was objected to as incompetent, because convicted of felony; but on the production of a pardon he was allowed to be sworn, and thereupon testified to a fact material in the cause. The prisoner was found guilty, and a new trial

having been moved for, it is now contended that George was improperly admitted as a witness.

The facts, as developed by the record, are these: George was tried, at the May sessions of 1850, in this court, on an indictment containing two counts,—the first for unlawfully, feloniously and falsely making, forging, and counterfeiting ten pieces of coin in the resemblance and similitude of the silver coin which has been coined at the mint of the United States, called a half dollar; the second, for unlawfully and feloniously passing, uttering, and publishing ten false, forged, and counterfeit pieces of coin such as were described in the first count. The verdict was a general one of guilty, and on the nineteenth of August, 1850, he was sentenced to pay a fine of —— dollars, and to suffer an imprisonment of one year, to be computed from the second day of June preceding.

The pardon was in these words: "Millard Fillmore, President of the United States of America, to all whom these presents shall come, greeting: Whereas, it appears that at the June term, 1850, of the United States district court for the Eastern district of Pennsylvania, Lewis George was convicted of counterfeiting the silver coin of the United States, and sentenced to be imprisoned for the term of one year; and whereas, it has been made satisfactorily to appear to me that the said George is a fit subject for the exercise of the executive clemency: Now, therefore, be it known that I, Millard Fillmore, president of the United States of North America, in consideration of the premises, divers other good and sufficient reasons me therefore moving, have granted, and do hereby grant, unto him, the said Lewis George, a full and unconditional pardon, to take effect from and after the first day of July next. [Seal.] In witness, etc. Done at Washington, this fourth day of June, A. D. 1851, etc."

The exceptions, as they have been expanded in argument, embrace the following points: (1) That it is not competent in the president to grant a pardon after the expiration of the term of sentence. (2) That the pardon contemplated by the constitution is of offences, not of the offender; and that this pardon is inoperative, because it does not set forth the offence pardoned. (3) That if the pardoning words of the instrument are to be referred by implication to the offence recited in the preamble, the recital is itself indefinite, and variant from the record of conviction.

1. I intimated my opinion on the first point, before the argument closed. I cannot doubt the constitutional authority of the president to pardon an offence, so long as any of its legal consequences remain. I do not enter upon the question, whether it is in the power of congress to attach consequences to a conviction which a pardon cannot remove. There are constitutional views of that question, which are not met in the reasonings of Mr. Hargrave (2 Jur. Arg. 221), nor in any of the cases which recognize the English doctrine. But here the disability was only consequential, not statutory; and I can see no reason for restricting the president's power of pardoning to the time during which the convict is undergoing sentence. In very many cases, the consequential disability is the most painful incident on the conviction. In some, the offence, though a grave one in its legal aspect, is morally venial, perhaps involving no turpitude whatever, and calling for a merely nominal sentence. It would be strange if such a sentence were to disqualify forever because it did not allow time to invoke the president's clemency. For clearly congress could not relieve. Were such the law, a nominal sentence, to be effectively merciful, must bear a relation to the distance between the court and the capitol; and a Californian, to ransom his civil rights, must invoke some months of imprisonment beyond the rightful penance of his crime. But I need not pursue the argument. There is nothing before the court, to show that the sentence of George was complied with, by the payment of the fine, which formed part of it; and, besides the question of law has, I apprehend, been determined by the late Mr. Justice Thompson in U. S. v. Jones [Case No. 15,493].

2. The second point of exception involves in its terms the question of a general pardon, the power to grant such a pardon, and its effect, if granted, on the legal competency of the convict. This power is one which can hardly be regarded as established in England, notwithstanding the numerous dicta in the ancient books (see the remarks of Sargeant Hawkins on the several cases, P. C. bk. 2, c. 37, § 9); and which, in our country, might admit of a less embarrassed dissention under the terms of the federal constitution. It is certain that such pardons have not been granted by the crown for some centuries past, and I am not aware that they have ever been known in the United States. But, at any rate, no question regarding them can arise upon the facts before the court. The pardon here is full and unconditional, but not general. Whatever may be the effect of the preamble reciting as it does a single offence, it must be held to limit, in some degree the general words of the grant.

3. The third exception is better taken. A comparison of the instrument of pardon with the conviction on which it is supposed to operate shows as, it seems to me, a fatal diversity. The pardon speaks of a conviction at "June term" of the offence of "counterfeiting the silver coin" and a "sentence" thereon of "imprisonment." The record is of a conviction at the "May sessions" of two felonies,—one "forging and counterfeiting ten pieces of coin," etc.; the other "uttering and passing" them,—on which there is a sentence of "fine" as well as imprisonment. Neither the time of conviction, nor the offences, nor the judgments correspond.

The cases which are digested in Hawkins (ubi supra, § 8, etc.) and in Chitty (chapter 19, p. 770,* 771*), and the concurrent opinion of the commentators on this title of the law, all go to this: That whenever it may be reasonably intended that the king, when he granted the pardon, was not fully apprised both of the heinousness of the crime and also how far the party stands convicted thereof upon record, the pardon is "void." And this being so, what are we to say, where the pardon misrecites the time of conviction, or recites rather an impossible time—for we have no June term—and the conviction was in this court; and referring to one felony as its implied subject, and omits another, of which the party was equally convicted, and omits, besides, a portion of his sentence? Is this a case in which it can reasonably be intended that the executive was fully apprised of the crime of the party, or the action of the court upon it?

There is nothing of which we can take hold, to connect the pardon with the conviction, and thus to make them commensurate. We must begin by assuming that "June term" means "May sessions"; next, that the offence of counterfeiting includes the independent felony of uttering, and then that a sentence to fine and imprisonment is sufficiently described as a sentence of imprisonment; and, if either of these assumptions is too broad, there is nothing left for us but an interpretation of the instrument ex visceribus suis, without reference to anything beyond. We cannot, by judicial construction, expand the pardon of one felony into a pardon of two; and, unless we do this, the pardon, though it be not void, has no application to the felony of which George was convicted under the second count of the indictment against him. I must therefore hold that the witness, notwithstanding the pardon, was incompetent, propter delictum, and that the prisoner is entitled to a new trial.